IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **REGINALD D. TAYLOR,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-725-O-BP |
| § | |
| **TARRANT COUNTY** § | |
| **JUDICIAL COURTS,** *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Reginald D. Taylor, proceeding pro se, has filed a civil case along with an Application to Proceed in District Court without Prepaying Fees or Costs. ECF Nos. 1, 2. Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3, the case was referred to the undersigned. ECF No. 4. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Reginald D. Taylor is the plaintiff. The named defendants are Tarrant County Judicial Courts, and the Texas Probation Department and All Associates. ECF No. 1.

C. LEGAL ANALYSIS

The plaintiff accompanied the complaint with a long-form application to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* ECF No. 2. Whether to permit or deny an applicant to

proceed in forma pauperis is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

In his financial affidavit, the plaintiff declares that he has an expected monthly income of $6,050. ECF No. 2 at 1. The Court recognizes that the plaintiff has listed two dependent children, but it is unclear if he has a spouse. ECF No. 2 at 3. Even if he did, the applicable poverty guideline for a family of four is $30,000. At a total income of $6,050 a month, the plaintiff's annual household income exceeds $72,000, over 50% above the poverty level for a family of four. Based on the information in the application, the plaintiff has sufficient resources to pay the filing and administrative fees. To file a civil action in district court, payment of a filing fee of $350 and an administrative fee of $52 is required. *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

Thus, after review and consideration of the application to proceed in forma pauperis (ECF NO. 2), the undersigned finds that the Court should deny the application.

## RECOMMENDATION

It is, therefore, **RECOMMENDED** that United States District Judge Reed O'Connor **DENY** the plaintiff's application to proceed in forma pauperis (ECF No. 4). It is further **RECOMMENDED** that Judge O'Connor inform the plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b) unless he pays to

the clerk of Court the applicable filing and administrative fees of $402.00 within fourteen days of Judge O'Connor's order or other deadline that Judge O'Connor sets.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on August 7, 2023.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3